## NORTHERN PAC. RY. CO. v. SOMMERS BROS. MFG. CO. et al.

District Court, D. Idaho, N. D.    June, 1929.

No. 1040.

Cannon, McKevitt & Fraser, of Spokane, Wash., and O. J. Bandelin, of Sandpoint, Idaho, for plaintiff.

Wakefield & Witherspoon, of Spokane, Wash., and Gray & Potts, of Cœur d'Alene, Idaho, for defendant Sommers Bros. Mfg. Co.

E. W. Wheelan, of Sandpoint, Idaho, for defendant Beardmore.

CAVANAH, District Judge. The plaintiff railroad company brings this action under the Interstate Commerce Act (49 USCA § 1 et seq.) to recover the sum of $3,806.90 refunded by it to the defendants in violation of the tariff and schedule of freight charges adopted and filed with the Interstate Commerce Commission. Separate demurrers were filed by the defendants to the complaint, but the demurrer of the defendant Sommers Bros. Manufacturing Company has been withdrawn and time given to it to answer. By the demurrer of the defendant Beardmore, the contention is made (a) that it appears from the complaint under the contract between the defendants the defendant Beardmore was to reimburse the defendant Sommers Bros. Manufacturing Company for the freight charges paid, and it does not appear that he has not reimbursed defendant Sommers Bros. Manufacturing Company for all sums paid by it to the plaintiff; (b) that it does not appear that any refund was made by the plaintiff to the defendant Beardmore; (c) that, as it is alleged that plaintiff refunded to the defendants the sum of $3,806.-90, it is uncertain as to which defendant received the refund.

One would gather from a reading of the complaint that the defendant company was engaged in the logging and lumbering business at White Pine in the state of Montana, and the defendant Beardmore was a resident of and also engaged in the lumbering and logging business at Priest River, Idaho. About October 21, 1926, defendants entered into a written agreement, wherein the defendant company sold to the defendant Beardmore all of the white pine lumber in its yards at White Pine, and in pursuance thereto and between February, 1926, and June, 1926, the defendant company caused to be shipped from White Pine to Sandpoint, consigned to the defendant company, approximately 61 cars of white pine lumber; that when the cars arrived at Sandpoint, freight charges, on the basis of 14 cents per hundredweight, per Schedule 1 of Henry's Tariff 41–A, were paid by the defendant company, the mileage being 73.2 miles. Under the agreement between the defendants, the defendant Beardmore was to reimburse the defendant company for the freight charges paid. On the arrival of the cars at Sandpoint the paid freight bills were recorded for transit and the cars were ordered to the Great Northern Railway Company, and the lumber was reshipped to Priest River or Dover, Idaho, for milling. The defendant Beardmore, after paying the freight charges from Sandpoint to Priest River, or Dover, registered the freight bills with the agent of the Great Northern for transit. After the lumber had been milled at either Priest River or Dover, the same was then shipped by the defendant Beardmore by the Great Northern to Eastern points, and the Great Northern transit, Sandpoint to Priest River and Dover, was applied against the outbound billing. Subsequently shipments of fir, larch, and hemlock lumber were shipped by the defendant Beardmore from Priest River to Sandpoint by the Great Northern, and freight charges were paid to the Great North-

ern and cars were then ordered to the Northern Pacific Railroad Company. Shipping instructions were filed with the plaintiff by the defendant Sommers Bros. Manufacturing Company, covering the 61 cars to Eastern destinations, which showed the commodity contained to be white pine lumber, when in truth the cars did not contain white pine lumber but fir, larch, and hemlock. The plaintiff relying upon the representations so made treated the same as white pine lumber and made to the defendants a transit refund of $3,806.90, which it is alleged to be in violation of the tariff and Interstate Commerce Act.

It will be observed that the refund in question was made by the plaintiff to the defendants, relying upon the representations that the lumber so shipped was white pine when in truth it was not, but was fir, larch, and hemlock lumber, which caused the difference in the amount of the freight charges, and the mere fact of there having been an agreement between the defendants to the effect that Beardmore was to reimburse the defendant Sommers Bros. Manufacturing Company for the freight charges paid, and it not appearing that such reimbursement was not made, would not defeat the right of the plaintiff to recover the refund under the allegations of the complaint, because the refund was brought about and made in violation of the tariff and prohibited by the Interstate Commerce Act. When plaintiff discovered that the refund made by it was unauthorized, it was required by the Interstate Commerce Act to proceed and recover the correct freight charges, or subject itself to the penalty provided by the act. No uncertainty appears in the complaint as to who received the refund, as it is there alleged that plaintiff made it to the defendants, which would be sufficient.

Accordingly the demurrer of the defendant Beardmore is overruled, and he is given 20 days in which to answer.